1   JEDEDIAH WAKEFIELD (CSB No. 178058)
jwakefield@fenwick.com
2   FENWICK & WEST LLP
555 California Street, 12th Floor
3   San Francisco, CA  94104
Telephone:    415.875.2300
4   Facsimile:    415.281.1350

5   ERIC BALL (CSB No. 241327)
eball@fenwick.com
6   FENWICK & WEST LLP
Silicon Valley Center
7   801 California Street
Mountain View, CA  94041
8   Telephone:    650.988.8500
Facsimile:    650.938.5200
9
Attorneys for Plaintiff
10  DELPHIX CORP.

11

12                    IN THE UNITED STATES DISTRICT COURT

13            FOR THE NORTHERN DISTRICT OF CALIFORNIA

14

15  DELPHIX CORP.,                          Case No.:  3:16-cv-00606

16              Plaintiff,
                                           **COMPLAINT FOR DECLARATORY
17      v.                                 JUDGMENT**

18  EMBARCADERO TECHNOLOGIES, INC.,

19              Defendant.                 DEMAND FOR JURY TRIAL

20

21

22

23

24

25

26

27

28

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1    Plaintiff Delphix Corp. ("Delphix"), for its complaint against Defendant Embarcadero

2    Technologies, Inc. ("Embarcadero"), alleges as follows:

3                                    **NATURE OF ACTION**

4         1.    This is an action for declaratory judgment.  By this action, Delphix seeks to

5    resolve a controversy with Embarcadero and to eliminate any doubt that the DELPHIX name and

6    trademarks, used in connection with Delphix's products and services, do not infringe, dilute or

7    unfairly compete with any trademark rights in the DELPHI mark purportedly owned by

8    Embarcadero.  Delphix further seeks a declaratory judgment that its Registration No. 3,768,914

9    for the DELPHIX mark is valid.

10                                    **THE PARTIES**

11        2.    Delphix is a Delaware Corporation with its principal place of business in

12   Menlo Park, California.

13        3.    Delphix believes and therefore alleges that Embarcadero is a Delaware

14   Corporation with its principal place of business in San Francisco, California.

15                              **JURISDICTION AND VENUE**

16        4.    Delphix brings this action pursuant to 15 U.S.C. §§ 1051, *et seq*. (the Lanham

17   Act).  The Court has subject-matter jurisdiction over this action under 28 U.S.C. § 1331 (federal

18   question), 28 U.S.C. § 1338 (original jurisdiction of trademark claims), and 28 U.S.C. § 2201

19   (the Declaratory Judgment Act).

20        5.    The Court has personal jurisdiction and venue is proper in this judicial district

21   pursuant to 28 U.S.C. § 1391 because: (i) a substantial portion of the events giving rise to this

22   action occurred in this judicial district, and/or (ii) Embarcadero does business in this judicial

23   district.

24                              **INTRADISTRICT ASSIGNMENT**

25        6.    Because this is an intellectual property case, it is subject to assignment to any

26   division pursuant to Civil Local Rule 3-2(c).

27

28

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

**THE PARTIES' USE AND REGISTRATION OF THEIR RESPECTIVE MARKS**

7.  Delphix offers software used in database management.  Delphix's solutions provide its customers on-demand access to data by securely "virtualizing" the customer's data. Its products and services also offer companies the ability to mask sensitive virtualized data, reducing the likelihood of a costly data breach.  Delphix is a leading provider of data virtualization solutions and is recognized as a pioneer in the space.

8.  Delphix uses a stylized version of its mark, which employs a distinctive font and an angular red "fin" design in place of the letter L, as shown in figure 1 below (the "DELPHIX Logo").  Delphix owns a federal registration for the DELPHIX Logo, Registration Number 3,768,914.  A copy of the certificate for Registration Number 3,768,914 is attached as **Exhibit A**.



**Figure 1**

9.  Delphix believes and therefore alleges that Embarcadero uses the DELPHI mark in connection with programming tools used to write code for software programs.  Delphix believes and therefore alleges that Embarcadero's DELPHI-branded programming tools are unrelated to Delphix's data virtualization tools.

10.  In contrast to Delphix's "fin" logo, Embarcadero uses a helmet logo with its DELPHI mark, which it frequently uses with a stylized version of its company mark, EMBARCADERO, as shown in figure 2 below.



**Figure 2**

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

11.     In addition to offering substantially different products and services under notably different marks, the parties sell their products to different customers through different sales channels.  The decision makers in the purchasing process for Delphix's products include individuals like corporate chief technology officers.  Delphix also sells its products after negotiation and testing to customize Delphix's solutions to its customers' needs.  By contrast, Delphix believes and therefore alleges that Embarcadero sells its DELPHI product without any negotiation or customization and that it is purchased by hobbyists and students.

## EMBARCADERO'S CLAIMS OF INFRINGEMENT

12.     Embarcadero has alleged that Delphix's DELPHIX trademark and trade name infringe, dilute and unfairly compete with Embarcadero's purported rights in the DELPHI mark. Additionally, Embarcadero has opposed Delphix's application to register the DELPHIX mark before the Trademark Trial and Appeal Board.  Embarcadero also seeks to cancel Delphix's Registration No. 3,768,914 for the DELPHIX mark, again based on allegations that the DELPHIX mark is likely to be confused with the DELPHI mark and the DELPHIX mark will be falsely associated with Embarcadero and its purportedly famous DELPHI mark, as well as allegations that Registration No. 3,768,914 is invalid.

## EMBARCADERO'S LIMITED RIGHTS IN THE DELPHI MARK

13.     Embarcadero uses the trade name EMBARCADERO, and it has never used DELPHI as a trade name in the United States.

14.     Embarcadero was not the first company to use the mark DELPHI in the United States.

15.     Embarcadero was not the first company to use the mark DELPHI in the United States in connection with software or software-related products or services.

16.     Embarcadero claims to own a single federal registration for the DELPHI trademark, Registration Number 2,873,025.

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

17.     Delphix believes and therefore alleges that it took nearly ten years for Embarcadero to obtain its claimed registration for the DELPHI mark because of conflicts with other holders of DELPHI marks.

18.     Embarcadero is one of many companies using DELPHI marks in the United States. A search of the U.S. Patent and Trademark Office records for the mark DELPHI shows dozens of other registered DELPHI marks used with a variety of products and services, including marks used with software and information technology.  For example, the PTO has issued registrations for the following trademarks:

| Mark<br>Category | Registration No. |
|---|---|
| Delphi<br>Software consulting services | 2728584 |
| Delphi<br>Software education services | 1651752 |
| Delphi<br>Software for smartphones | 4355502 |
| Delphi<br>Internet wireless devices | 4344258 |
| Delphi<br>Connectors for electronic circuits | 4351654 |
| Delphi<br>Website hosting | 4401495 |
| Delphi<br>Transmission of data for use in telematic applications | 4401494 |
| Delphi<br>Healthcare Management Services | 3799054 |

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

| Mark<br>Category | Registration No. |
|---|---|
| Delphi Vim<br>Software for records management | 3816168 |
| Delphi<br>Software for use by hospital facilities | 2864390 |

19.     Embarcadero has not opposed or sought to cancel any of the registrations for any of the marks identified in paragraph 18.

20.     Delphix believes and therefore alleges that Embarcadero has not challenged the use of any of the marks identified in paragraph 18.

21.     Delphix believes and therefore alleges that Embarcadero's DELPHI mark has co-existed with each of the marks identified in paragraph 18 without any confusion.

22.     Embarcadero's DELPHI mark is not famous among the general consuming public.

23.     Embarcadero's DELPHI mark was not famous among the general consuming public in 2004.

24.     Embarcadero's DELPHI mark was not famous among the general consuming public in 2005.

25.     Embarcadero's DELPHI mark was not famous among the general consuming public in 2006.

26.     Embarcadero's DELPHI mark was not famous among the general consuming public in 2007.

27.     Embarcadero's DELPHI mark was not famous among the general consuming public in 2008.

28.     Embarcadero's DELPHI mark was not famous among the general consuming public in 2009.

29.     Embarcadero's DELPHI mark was not famous among the general consuming public in 2010.

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

30.     Embarcadero's DELPHI mark was not famous among the general consuming public in 2011.

31.     Embarcadero's DELPHI mark was not famous among the general consuming public in 2012.

32.     Embarcadero's DELPHI mark was not famous among the general consuming public in 2013.

33.     Embarcadero's DELPHI mark was not famous among the general consuming public in 2014.

34.     Embarcadero has never used the mark DELPHIX, and it has never used the stylized mark shown in Registration No. 3,768,914.

### THE LACK OF CONFUSION BETWEEN DELPHIX'S "DELPHIX" MARK AND EMBARCADERO'S PURPORTED "DELPHI" MARK

35.     Embarcadero's purported DELPHI mark sounds nothing like Delphix's DELPHIX mark. Unlike the mark DELPHI, which ends in a "fi" or "fee" sound, the DELPHIX mark ends with a "fix" sound. The DELPHI and DELPHIX marks are no more similar than MA and MAX or SO and SOX. The added X in the DELPHIX mark creates a substantially different sight, sound and meaning.

36.     Despite years of coexistence with Delphix, Embarcadero has no evidence of confusion caused by Delphix's DELPHIX name or mark.

37.     Embarcadero has no evidence of actual consumer confusion caused by Delphix's DELPHIX name or mark in 2009.

38.     Embarcadero has no evidence of actual consumer confusion caused by Delphix's DELPHIX name or mark in 2010.

39.     Embarcadero has no evidence of actual consumer confusion caused by Delphix's DELPHIX name or mark in 2011.

40.     Embarcadero has no evidence of actual consumer confusion caused by Delphix's DELPHIX name or mark in 2012.

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

41.     Embarcadero has no evidence of actual consumer confusion caused by Delphix's DELPHIX name or mark in 2013.

42.     Embarcadero has no evidence of actual consumer confusion caused by Delphix's DELPHIX name or mark in 2014.

43.     Embarcadero has no evidence of actual consumer confusion caused by Delphix's DELPHIX name or mark in 2015.

## FIRST CLAIM FOR RELIEF
### (Declaratory Judgment of Non-Infringement)

44.     Delphix incorporates by reference the previous allegations of this complaint.

45.     Embarcadero has claimed that Delphix infringes the DELPHI trademark and has demanded that Delphix cease use of its DELPHIX trade name and trademark.  Because of Embarcadero's actions, there is substantial controversy between the parties of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

46.     Delphix's use of its DELPHIX trademark and trade name for Delphix's products and services does not overlap with Embarcadero's purported use of the DELPHI mark for Embarcadero's products and services.

47.     There is no likelihood that any relevant consumers would be confused, mistaken, or deceived into believing that Delphix is affiliated, connected, or otherwise associated with Embarcadero, or that Embarcadero is sponsoring or has otherwise approved of Delphix's products and services as a result of the DELPHIX trademark and trade name.

48.     The differences between the parties' trademarks and use prevent any likelihood of confusion, including without limitation the dissimilarities as to appearance, sound, meaning, and commercial impression of the parties' respective marks.

49.     The parties sell their respective goods and services in different commercial markets and in different channels of trade.  Delphix believes and therefore alleges that customers are not likely to encounter the parties' respective products and services in proximity to each other, further preventing any likelihood of confusion.

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

50.     The parties' respective customers exercise a high degree of care, further preventing any likelihood of confusion.

51.     Despite years of coexistence, there has been no actual confusion caused by Delphix's trademark or trade name.

52.     Delphix therefore requests that the Court declare that Delphix neither infringes any of Embarcadero's purported trademark rights nor violates 15 U.S.C. § 1114 or the common law.

## SECOND CLAIM FOR RELIEF
### (Declaratory Judgment of Non-Dilution)

53.     Delphix incorporates by reference the previous allegations of this complaint.

54.     Embarcadero has claimed that Delphix's use of its DELPHIX name and trademarks dilutes the distinctiveness of the DELPHI trademark.  Because of Embarcadero's actions, there is substantial controversy between the parties of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

55.     Delphix believes and therefore alleges that the DELPHI mark is not, and has never been famous.

56.     There is no likelihood that Delphix's name or trademark would cause any dilution of the distinctiveness of Embarcadero's DELPHI mark.  The DELPHIX name and trademarks do not blur or disparage Embarcadero's purported DELPHI mark.

57.     Embarcadero has no evidence of actual dilution caused by Delphix's name or trademark.

58.     Delphix therefore requests that the Court declare that the Delphix's name and trademarks neither dilute any of Embarcadero's trademarks nor violate 15 U.S.C. § 1125(c).

## THIRD CLAIM FOR RELIEF
### (Declaratory Judgment of No Unfair Competition/False Designation of Origin)

59.     Delphix incorporates by reference the previous allegations of this complaint.

60.     Embarcadero has claimed that Delphix's use of the DELPHIX name and trademarks constitutes unfair competition.  Because of Embarcadero's actions, there is substantial

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1  controversy between the parties of sufficient immediacy and reality to warrant the issuance of a

2  declaratory judgment.

3        61.     Delphix's use of its DELPHIX name and trademarks for Delphix's products and

4  services does not constitute unfair competition, including a false designation of origin within the

5  meaning of 15 U.S.C. § 1125(a), unfair competition within the meaning of California Business

6  and Professions Code § 17200, or California common law of unfair competition.

7        62.     There is no likelihood that any relevant consumers would be confused, mistaken,

8  or deceived into believing that Delphix is affiliated, connected, or otherwise associated with

9  Embarcadero, or that Embarcadero is sponsoring or has otherwise approved of Delphix's products

10  and services as a result of the DELPHIX trademark and trade name.

11        63.     Embarcadero has no evidence of any actual confusion resulting from Delphix's use

12  of its name or trademark.

13        64.     Delphix therefore requests that the Court declare that Delphix's use of its

14  DELPHIX trademark and trade name does not constitute unfair competition, including a false

15  designation of origin within the meaning of 15 U.S.C. § 1125(a), unfair competition within the

16  meaning of California Business and Professions Code § 17200, or under California common law.

17                            **FOURTH CLAIM FOR RELIEF**

18        **(Declaratory Judgment that Delphix's Registration No. 3,768,914 Is Valid)**

19        65.     Delphix incorporates by reference the previous allegations of this complaint.

20        66.     Embarcadero has claimed that Delphix's Registration No. 3,768,914 for the

21  DELPHIX Logo should be canceled because the DELPHIX Logo mark is likely to be confused

22  with the DELPHI mark, the DELPHIX Logo will be falsely associated with Embarcadero and its

23  purportedly famous DELPHI mark, and there was fraud in applying to register Registration

24  No. 3,768,914. Because of Embarcadero's actions, there is substantial controversy between the

25  parties of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

26        67.     Delphix uses the DELPHIX Logo shown in Registration Number 3,768,914 in

27  connection with the advertisement and sale of the goods and services specified in the registration.

28

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

68.     There is no likelihood that any relevant consumers would be confused, mistaken, or deceived into believing that Delphix is affiliated, connected, or otherwise associated with Embarcadero, or that Embarcadero is sponsoring or has otherwise approved of Delphix's products and services as a result of the DELPHIX Logo.

69.     Embarcadero has no evidence of any actual confusion resulting from Delphix's use of its DELPHIX Logo.

70.     The DELPHIX Logo shown in Registration Number 3,768,914 and Delphix's application to register Registration Number 3,768,914 meets the requirements of a valid mark.

71.     On January 21, 2016, the Trademark Trial and Appeal Board granted Delphix's motion for summary judgment on Embarcadero's fraud claim regarding Registration Number 3,768,914.

72.     Delphix therefore requests that the Court declare that Registration No. 3,768,914 is valid.

73.     Delphix further requests the Court to declare, under Section 37 of the Lanham Act, 15 U.S.C. § 1119, that Delphix has the right to maintain Registration No. 3,768,914.

## **PRAYER FOR RELIEF**

THEREFORE, Plaintiff Delphix prays for judgment against Embarcadero as follows:

A.      Declaring under Section 37 of the Lanham Act, 15 U.S.C. § 1119, that Delphix has the right to maintain Trademark Registration No. 3,768,914 and issuing a certified order of this declaration for the Director of United States Patent and Trademark;

B.      Declaring under Section 37 of the Lanham Act, 15 U.S.C. § 1119, that Delphix's Trademark Application No. 77944256 can proceed to registration and issuing a certified order of this declaration for the Director of United States Patent and Trademark;

C.      Declaring that Delphix's use of its DELPHIX name and trademarks does not infringe upon any trademark rights of Embarcadero, including Embarcadero's claimed DELPHI mark;

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1    D.    Declaring that Delphix's use of its DELPHIX name and trademarks does not dilute

2    any trademark of Embarcadero, including Embarcadero's claimed DELPHI mark;

3    E.    Declaring that Delphix's use of its DELPHIX name and trademarks does not

4    constitute unfair competition or a false designation of origin with respect to Embarcadero and

5    Embarcadero's claimed DELPHI mark;

6    F.    Declaring that Delphix's use of its DELPHIX name and trademarks does not

7    violate 15 U.S.C. § 1114, 15 U.S.C. § 1125(a), 15 U.S.C. § 1125(c), California Business and

8    Professions Code § 172000, *et seq.* or the common law;

9    G.    Declaring that Delphix's Registration No. 3,768,914 is valid;

10    H.    An award by the Court to Delphix of its costs in this case; and

11    I.    An award by the Court to Delphix of any other relief that the Court considers just

12    and proper.

13

14    Dated:    February 4, 2016                     FENWICK & WEST LLP

15

16                                                  By: */s/Jedediah Wakefield*

17                                                      Jedediah Wakefield

18                                                      Attorneys for Plaintiff
                                                        DELPHIX CORP.

19

20

21

22

23

24

25

26

27

28

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1

## **DEMAND FOR JURY TRIAL**

2    Delphix hereby demands trial by jury on all issues and claims so triable.

3

4    Dated:    February 4, 2016                FENWICK & WEST LLP

5

6                                             By: */s/Jedediah Wakefield*
                                                 Jedediah Wakefield
7

8                                             Attorneys for Plaintiff
                                             DELPHIX CORP.
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO