**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

SEP 11 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DELPHIX CORP., <br><br> Plaintiff-Appellant, <br><br> v. <br><br> EMBARCADERO TECHNOLOGIES, INC., <br><br> Defendant-Appellee. | No. 16-16572 <br><br> D.C. No. 5:16-cv-00606-BLF <br><br><br> MEMORANDUM* |
| DELPHIX CORP., <br><br> Plaintiff-Appellee, <br><br> v. <br><br> EMBARCADERO TECHNOLOGIES, INC., <br><br> Defendant-Appellant. | No. 16-16697 <br><br> D.C. No. 5:16-cv-00606-BLF |

Appeal from the United States District Court
for the Northern District of California
Beth Labson Freeman, District Judge, Presiding

Argued and Submitted December 6, 2017
San Francisco, California

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Before: RAWLINSON and OWENS, Circuit Judges, and RICE,** Chief District Judge.

Delphix appeals the district court's order dismissing the case for lack of personal jurisdiction. Embarcadero cross-appeals the district court's order finding the court had subject matter jurisdiction. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review the district court's factual findings for clear error and the issue of jurisdiction de novo. *Reebok Int'l, Ltd. v. McLaughlin*, 49 F.3d 1387, 1390 (9th Cir. 1995). We affirm in part and reverse in part.

"Where, as here, the defendant's motion is based on written materials rather than an evidentiary hearing, the plaintiff need only make a prima facie showing of jurisdictional facts to withstand the motion to dismiss." *Ranza v. Nike, Inc.*, 793 F.3d 1059, 1068 (9th Cir. 2015) (citation and internal quotation marks omitted). While "a plaintiff may not simply rest on the bare allegations of the complaint," "uncontroverted allegations must be taken as true, and conflicts between parties over statements contained in affidavits must be resolved in the plaintiff's favor." *Id.* (citation, internal quotation marks, and brackets omitted).

When a defendant moves to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of demonstrating that the court has jurisdiction. *Harris Rutsky & Co. Ins. Servs., Inc. v. Bell & Clements Ltd.*, 328 F.3d 1122, 1128–29

---

** The Honorable Thomas O. Rice, Chief United States District Judge for the Eastern District of Washington, sitting by designation.

(9th Cir. 2003). However, the plaintiff must make "only a prima facie showing of jurisdictional facts to withstand the motion to dismiss." *Doe v. Unocal Corp.*, 248 F.3d 915, 922 (9th Cir. 2001). For purposes of deciding whether a prima facie showing has been made, "the court resolves all disputed facts in favor of the plaintiff." *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1154 (9th Cir. 2006); *In re W. States Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d 716, 741 (9th Cir. 2013), aff'd sub nom. *Oneok, Inc. v. Learjet, Inc.*, 135 S. Ct. 1591, 191 L. Ed. 2d 511 (2015).

A. **Subject Matter Jurisdiction**

The district court properly found the court had subject matter jurisdiction. Per the Declaratory Judgment Act, 28 U.S.C. § 2201, the court may "declare the rights and other legal relations of any interested party." "[T]he question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Md. Cas. Co. v. Pac. Coal & Oil Co.*, 312 U.S. 270, 273 (1941).

The district dourt correctly found that "the record of communication between the parties both before and after this suit was filed and the ongoing TTAB [Trademark Trial and Appeal Board] proceedings paint a clear picture of a 'substantial controversy' that is 'definite and concrete' enough to be addressed by

the Court." Although Embarcadero highlights it never threatened litigation, Embarcadero (1) asserted the elements of trademark infringement in its opposition to Delphix's registration for its word mark and petition to cancel Delphix's logo mark, (2) represented it saw no way forward with Delphix's use of DELPHIX as its company name or for its products and services during settlement talks, and (3) refused to sign a covenant not to sue Delphix for its use of the DELPHIX mark after Delphix brought this action. Without a declaratory judgment, Delphix would be forced to either play it safe and change its company and product name, thereby foregoing the goodwill and incurring transition costs, or push forward and risk having to destroy infringing product, pay additional damages, and disgorge profits to Embarcadero. These circumstances are ripe for a declaratory judgment.

### B. Personal Jurisdiction

The district court erred in finding there was no personal jurisdiction. There are two categories of *in personam* jurisdiction. In 1984, the Supreme Court explicitly recognized the distinction between what has come to be called "general jurisdiction" and "specific jurisdiction." 4 Wright, et al., Fed. Prac. & Proc. Civ. § 1067.5 (4th ed. 2018) (citing *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408 (1984)); *accord BNSF Ry. Co. v. Tyrrell*, 137 S. Ct. 1549, 1558 (2017) ("[W]e have distinguished between specific or case-linked jurisdiction and general or all-purpose jurisdiction.").

A general jurisdiction inquiry is very different from a specific jurisdiction inquiry. "Unlike the specific jurisdiction analysis, which focuses on the cause of action, the defendant and the forum, a general jurisdiction inquiry is dispute blind, the sole focus being on whether there are continuous and systematic contacts between the defendant and the forum." 4 Fed. Prac. & Proc. Civ. § 1067.5 (quoting *Dickson Marine Inc. v. Panalpina, Inc.*, 179 F.3d 331, 339 (5th Cir. 1999)); *see also Daimler AG v. Bauman*, 571 U.S. 117, 127 (2014).

"[A] court may assert general jurisdiction over foreign (sister-state or foreign-country) corporations to hear any and all claims against them when their affiliations with the State are so 'continuous and systematic' as to render them essentially at home in the forum State." *Daimler*, 571 U.S. at 127 (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011)). The "paradigm" forums in which a corporate defendant is "at home" are the corporation's place of incorporation and its principal place of business. *Id.* at 137. The exercise of general jurisdiction is not limited to these forums; in an "exceptional case," a corporate defendant's operations in another forum "may be so substantial and of such a nature as to render the corporation at home in that State." *Id.* at 138-39 & n.19.

"[C]ourts must examine the defendant's contacts with the forum at the time of the events underlying the dispute when determining whether they have

5

jurisdiction." *Steel v. United States*, 813 F.2d 1545, 1549 (9th Cir. 1987). "[O]ne cannot defeat personal jurisdiction by a move away from the state in which the underlying events took place." *Id*. Accordingly, a general jurisdiction inquiry should consider all of a defendant's contacts with the forum state prior to the filing of the lawsuit, rather than just those contacts that are related to the particular cause of action the plaintiff asserts. 4 Fed. Prac. & Proc. Civ. § 1067.5. In determining "how far back from either the accrual or filing of the claim they will look; most courts use a 'reasonable time' standard yielding timeframes of roughly three to seven years." *Id*. (citing e.g., *Helicopteros*, 466 U.S. at 409–11 (seven year look)).

Here, Embarcadero is a Delaware corporation that maintained its headquarters in California up until at least October 2015. At that time, Embarcadero was purchased by Idera, Inc., a Texas-based company. Embarcadero claims that its headquarters are now in Austin, Texas. Understandably, it took months to transfer Embarcadero's headquarters and change its corporate records to reflect its new location. Plaintiff filed suit on February 4, 2016. In July 2016, Plaintiff gathered and proffered to the district court extensive evidence showing Embarcadero continued to represent that its headquarters were located in California.

For at least two decades Embarcadero's headquarters were located in California and it engaged in "continuous and systematic" activities within

6

California, including directing or performing all the alleged conduct which generates the subject matter jurisdiction for this suit. That conduct started in April 2012 and continued through May 2016. The purchase of Embarcadero by Idera, Inc. in October 2015 did not instantaneously dissolve the general jurisdictional nexus Embarcadero had established by its continuous and systematic operations in California.

Moreover, were these facts viewed through the lens of specific personal jurisdiction, the result would be the same. Critically, the instant action is about Delphix's right to *use* the DELPHIX mark as its business name and on its product (in light of Embarcadero's rights to the DELPHI mark). This issue is beyond the jurisdiction of the TTAB proceeding in Virginia, which only involved the disputed right to *register* the mark. As such, when Embarcadero challenged Delphix's right to *use* the DELPHIX mark during settlement talks in California, this conduct was not directed at Virginia, but rather was directed at Delphix in California, where both companies were operating at that time.

When every aspect of the case – from the parties to the underlying disputed rights – is completely centered in California, we cannot say the exercise of specific jurisdiction in California would be unfair or unreasonable. *See Bancroft & Masters, Inc. v. Augusta Nat'l, Inc.*, 223 F.3d 1082, 1086 (9th Cir. 2000), *overruled in part on other grounds by Yahoo! Inc. v. La Ligue Contre Le Racisme*

7

*Et L'Antisemitisme*, 433 F.3d 1199, 1207 (9th Cir. 2006) (en banc). Costs are to be taxed against the Defendant-Appellee and Cross-Appellant Embarcadero Technologies, Inc..

**AFFIRMED IN PART; REVERSED IN PART.**

8